IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JEREMIAH THOMAS HAIR**                                                           **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 4:25-cv-00095-HSO-BWR**

**ERRICK SIMMONS, et al.**                                         **DEFENDANTS**

## ORDER

BEFORE THE COURT are three Motions filed by *pro se* Plaintiff Jeremiah Thomas Hair: (1) Motion [15] for Order Directing MDOC to Produce Updated Six-Month Trust Account Statement, (2) Motion [16] for Court Confirmation that Plaintiff's Case May Not Be Dismissed for Inability to Pay Initial Partial Filing Fee, and (3) Motion [17] to Temporarily Waive or Defer Initial Partial Filing Fee. All apparently stem from Plaintiff's concern that his case might be dismissed if he lacks the funds to pay the mandatory initial partial filing fee right now.

On November 21, 2025, the Court granted Plaintiff's Motions [2] [11] for Leave to Proceed *in forma pauperis*. Order [12]. Under the Prison Litigation Reform Act ("PLRA"), Plaintiff was assessed an initial partial filing fee of $41.00—payable to the Court from Plaintiff's inmate account "when [he] . . . has sufficient funds." *Id*. at 2. Thus, the Order Setting Payment Schedule anticipated the possibility that Plaintiff might presently lack the funds to pay the initial partial filing fee and made allowance for that fee to be paid when funds become available.

Plaintiff now requests that the Mississippi Department of Corrections ("MDOC") "produce an updated six-month inmate trust account statement" under 28

1

U.S.C. § 1915. Mot. [15] at 1 (emphasis omitted). No such updated account statement is necessary. MDOC has already produced the requisite information, which the Court evaluated to assess the initial partial filing fee. *See* Mot. [11] at 1. Data on an updated inmate trust account statement would not be relevant to that assessment, as the PLRA requires the Court to assess the prisoner's account "for the 6-month period *immediately preceding* the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1)(B) (emphasis added). Plaintiff's Motion [15] for Order Directing MDOC to Produce Updated Six-Month Trust Account Statement will be denied.

Next, Plaintiff reports that his "inmate trust account currently reflects a balance of $0.00," Mot. [16] at 1, and all means of outside support "has completely ended," Mot. [17] at 1 (emphasis omitted). As a result, Plaintiff asks the Court to confirm that his case will not be dismissed for his inability to pay the initial partial filing fee, Mot. [16], and for an order temporarily waiving or deferring the payment of the initial partial filing fee, Mot. [17]. Again, though, the Court's Order [12] Setting Payment Schedule anticipates a scenario in which funds may not be immediately available, permitting payment of the initial partial filing fee "when Plaintiff's prison account has sufficient funds." Order [12] at 1. Thus, Plaintiff's case will be adjudicated in the ordinary course, and the initial partial filing fee will be collected only when funds become available. Plaintiff's Motion [16] for Court Confirmation that Plaintiff's Case May Not Be Dismissed for Inability to Pay Initial Partial Filing Fee will be granted, and his Motion [17] to Temporarily Waive or Defer Initial Partial Filing Fee will be denied—since no such waiver or deferral is necessary for this case

2

to proceed.

**IT IS, THEREFORE, ORDERED** that Plaintiff Jeremiah Thomas Hair's Motion [15] for Order Directing MDOC to Produce Updated Six-Month Trust Account Statement is **DENIED**.

**IT IS, FURTHER, ORDERED** that Plaintiff's Motion [16] for Court Confirmation that Plaintiff's Case May Not Be Dismissed for Inability to Pay Initial Partial Filing Fee is **GRANTED**.

**IT IS, FURTHER, ORDERED** that Plaintiff's Motion [17] to Temporarily Waive or Defer Initial Partial Filing Fee is **DENIED**.

**SO ORDERED,** this 24th day of February, 2026.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE