**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JEREMIAH THOMAS HAIR**                                                                    **PLAINTIFF**

**v.**                                                          **CIVIL NO. 4:25-cv-00095-BWR**

**ERRICK SIMMONS, et al.**                                                      **DEFENDANTS**

**ORDER OF PARTIAL DISMISSAL**

This matter is before the Court *sua sponte* for consideration of partial dismissal. When he filed his Complaint on June 23, 2025, *pro se* Plaintiff Jeremiah Thomas Hair was an inmate housed at the East Mississippi Correctional Facility in Meridian, Mississippi. Compl. [1] at 1. His federal claims arise under 42 U.S.C. §§ 1983 and 1985, and he names five Defendants: (1) Errick Simmons, (2) Derrick Simmons, (3) Simmons & Simmons Law Firm ("the Law Firm"), (4) Sean Jackson, and (5) the City of Greenville, Mississippi. *Id*. Plaintiff is proceeding *in forma pauperis*, Order [12], and his allegations were clarified at an Omnibus Hearing on March 2, 2026.[1]

For the following reasons, the Court finds that Plaintiff's claims against Jackson and Greenville must be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). At this early stage in the litigation, Plaintiff's claims against Errick, Derrick, and the Law Firm will proceed.

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a more definite statement), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

## I. BACKGROUND

In 2014, Plaintiff filed a civil rights lawsuit against officers of the Greenville Police Department. Compl. [1] at 2. That case settled for $7,500.00, but the Assistant Chief of Police allegedly promised that he would make sure Plaintiff never got out of prison. *Id*. Plaintiff claims that "[t]his threat forms a factual predicate for the present conspiracy." *Id*.

Shortly after the settlement, in 2015, Plaintiff claims that he was lured into a theft scheme at Office Depot that was orchestrated by Jackson, the store's assistant manager. Compl. [1] at 2; *see also* Compl. [1-5] at 5. Plaintiff claims that he removed no property from Office Depot but was nonetheless charged with armed robbery "based on false accusations." Compl. [1] at 2. Plaintiff was acquitted of the armed-robbery charge in 2017. *Id*.; *see also* Compl. [1-5] at 6. He complains that Jackson's "false accusations directly caused [Plaintiff's] arrest, prosecution, and deprivation of liberty without due process." Exh. [24] at 3.

During the criminal proceedings, Errick Simmons (an attorney and Mayor of Greenville) "approached Plaintiff . . . and offered legal representation in a civil suit related to these events but demanded that Plaintiff plead guilty to unrelated escape and burglary charges as a condition for representation." Compl. [1] at 3. Errick waited several years to act, until 2018, when he "ultimately fil[ed] a narrow civil action only against Office Depot."[2] *Id*.; *see also* Compl. [1-5] at 1-17. Plaintiff testified

---

[2] *See Hair v. Jackson, et al.*, No. 76CI1:18-cv-00138 (Washington Cnty. Cir. Ct., Dec. 13, 2018) (Doc. 3). The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

that Errick should have included as Defendants any law-enforcement officers involved in the manufactured armed-robbery incident, but he declined to do so because of his position as Mayor. Allegedly, Errick also tried to "[induce] Plaintiff to sign settlement documents under extreme duress while incarcerated and after long periods without communication or meaningful legal representation." Compl. [1] at 3.

Shortly before the civil case against Office Depot was set for trial, in 2024, Errick withdrew as counsel and "Office Depot . . . moved for dismissal." *Id.*; *see also* Compl. [1-3] at 1-5. Plaintiff was unable to secure substitute counsel, Compl. [1] at 3, which he testified left him "defenseless." Yet Plaintiff settled the case with Office Depot for $10,000.00. Compl. [1-6] at 1-7.

Plaintiff has since filed Bar Complaints against Errick and Derrick "for professional misconduct and abuse of legal authority." Compl. [1] at 3; *see also* Compl. [1-1] at 1-2; Compl. [1-2] at 1-2. Plaintiff testified that Derrick represented him on the aforementioned escape and burglary charges, to which he pled guilty in 2017 and was sentenced to twelve years in prison. Plaintiff contends that Derrick "knowingly participated in conflict-ridden representation and assisted in conduct that obstructed [Plaintiff's] access to the courts and deprived [him] of effective legal advocacy." Exh. [24] at 2. He claims that the Law Firm, which employs Errick and Derrick, "ratified conduct that obstructed [Plaintiff's] constitutional right of access to the courts." *Id.*

Plaintiff claims that Greenville maintained policies and customs of "deliberate indifference, including failure to supervise, failure to train, and tolerance of unconstitutional practices." *Id.* at 3. When asked to describe these policies and

3

customs, Plaintiff testified that city officials engaged in a pattern of conspiracy and retaliation after the resolution of his lawsuit in 2014. But he admits to not knowing "the exact policy."

Plaintiff claims that he suffered "severe emotional and financial harm" because of these events. Compl. [1] at 3. He raises seven claims: (1) legal malpractice against Errick and Derrick, (2) fraudulent misrepresentation against Errick and Derrick, (3) breach of contract and duty of loyalty against Errick and Derrick, (4) obstruction of access to courts against Errick and Derrick, (5) civil conspiracy against Errick, Derrick, and the Law Firm, (6) intentional infliction of emotional distress against Errick, Derrick, and the Law Firm, and (7) *Monell* liability against Greenville. *Id.* He seeks compensatory damages of $5,000,000.00 and punitive damages of $10,000,000.00, along with attorney's fees, declaratory relief, and injunctive relief. *Id.* at 4.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, Order [12], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq*. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020) (per curiam). "A complaint fails to state a claim upon which relief may be

granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

In an action proceeding under § 1915, courts "must evaluate the merit of the claim *sua sponte.*" *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim or claims *sua sponte*.

## III. DISCUSSION

Plaintiff has failed to state a constitutional claim against Jackson or Greenville. Accordingly, his claims against Jackson and Greenville will be dismissed with prejudice, and they will be terminated as Defendants on the Court's docket.

### A. Jackson

Jackson allegedly orchestrated a scheme through which Plaintiff was arrested for robbing an Office Depot in 2015. Specifically, Plaintiff claims that Jackson's "false accusations directly caused [Plaintiff's] arrest, prosecution, and deprivation of liberty without due process." Exh. [24] at 3. Plaintiff's § 1983 claims against Jackson fail for two reasons: (1) he has failed to demonstrate that Jackson acted under color of state law, and (2) his claims against Jackson are time-barred.

5

First, Plaintiff has failed to establish that Jackson was acting under color of state law when the events giving rise to his claims occurred. "Section 1983 allows individuals to seek redress when someone acting under the authority of state law subjects them to a deprivation of rights or causes them to be subjected to a deprivation of rights." *Rockette v. Carpenter Mgmt. Co.*, No. 3:23-cv-00406-MPM-RP, 2025 WL 888427, at *2 (N.D. Miss. Mar. 21, 2025) (quotations omitted). "Generally, a plaintiff asserting a claim under § 1983 must (1) allege the deprivation of a right secured by the Constitution or federal law and (2) demonstrate that the alleged violation was committed by a person acting under color of state law." *Id*. "Private action may be deemed state action, for purposes of section 1983, only where the challenged conduct may be fairly attributable to the State." *Id*. (quotations omitted).

"In order to hold private actors liable on a Section 1983 claim, they must have engaged in a conspiracy with state actors to violate the plaintiff's constitutional rights." *Clark v. McAllister*, No. 3:21-cv-00219-RP, 2022 WL 2761305, at *3 (N.D. Miss. July 13, 2022) (quotation and brackets omitted). "To make such a claim actionable, the private and public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated." *Id*. (quotation omitted). "A plaintiff must allege specific facts to show an agreement." *Id*. (quotation omitted). But Plaintiff has alleged no facts suggesting that Jackson conspired with state actors, "only that [he] passed false information to state actors." *See id*.

6

Second, in the alternative, "§ 1983 actions are governed by Mississippi's general three-year personal injury limitations period." *Green v. Montgomery*, No. 3:25-cv-00340-JDM-RP, 2026 WL 906452, at *2 (N.D. Miss. Apr. 2, 2026); *see also* MISS. CODE ANN. § 15-1-49. "That limitations period begins to run when a plaintiff becomes aware he suffered an injury or had sufficient information to know he had been injured." *Green*, 2026 WL 906452, at *2.

Thus, Plaintiff was required to bring his § 1983 claims against Jackson within three years after his cause of action accrued. His cause of action accrued at the latest, whenever he knew that Jackson had made the allegedly false accusations that led to his arrest. The alleged armed robbery occurred on April 14, 2015, and Plaintiff was arrested on April 17, 2015, Compl. [1-5] at 5-6, so the evidence before the Court suggests that Plaintiff's cause of action accrued against Jackson sometime between those dates. Thus, any § 1983 claims against Jackson should have been filed at the latest no later than April 17, 2018. But this lawsuit was not filed until 2025—more than seven years too late. It is obvious on the face of the pleadings that Plaintiff failed to bring his § 1983 claims against Jackson within the applicable three-year statute of limitations. His § 1983 claims against Jackson must be dismissed with prejudice.

**B. Greenville**

"A person may sue a municipality that violates his . . . constitutional rights under color of any statute, ordinance, regulation, custom, or usage." *Montgomery v. Lowndes Cnty., Miss.*, No. 1:24-cv-00196-SA-RP, 2025 WL 1559604, at *2 (N.D. Miss.

June 2, 2025) (quotations omitted). "To establish municipal liability . . . under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Id.* (quotations omitted). "To succeed, a plaintiff must identify (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Id.* (quotations and brackets omitted). "Municipalities are not liable on the theory of respondeat superior and are almost never liable for an isolated unconstitutional act on the part of an employee." *Id.* (quotations omitted).

To advance beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and ellipsis omitted). Plaintiff alleges that Greenville maintains a policy of "deliberate indifference, including failure to supervise, failure to train, and tolerance of unconstitutional practices." Exh. [24] at 3. But Plaintiff could not name "the exact policy" at the Omnibus Hearing. Instead, he insists that Greenville has displayed "[a] pattern of retaliatory and conspiratorial conduct by city officials following [his] prior civil-rights lawsuit and settlement." Exh. [24] at 3.

Yet Plaintiff has failed to describe these policies, customs, and patterns with the requisite specificity. He has not "point[ed] to a written municipal policy; a widespread, well-settled practice that fairly represents a municipal policy; or . . . a

8

single decision made by a final decisionmaker." *See Montgomery*, 2025 WL 1559604, at \*3. "Boilerplate allegations of municipal policy, entirely lacking in any factual support that municipal policy does exist, are insufficient." *Taylor v. City of Batesville, Miss.*, No. 3:25-cv-00124-MPM-RP, 2025 WL 3691872, at \*3 (N.D. Miss. Dec. 19, 2025) (quotation omitted). Plaintiff's claims against Greenville will also be dismissed with prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Jeremiah Thomas Hair's claims against Sean Jackson and the City of Greenville, Mississippi, are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Clerk of Court shall terminate Jackson and Greenville as Defendants on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims against Errick Simmons, Derrick Simmons, and Simmons & Simmons Law Firm will proceed. An Order Issuing Notices of Lawsuit and Requests for Waiver of Service will be issued in due course. The Court expresses no opinion about whether Plaintiff's remaining claims will or will not be found to be meritorious.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [22] for Reasonable Accommodation Due to Cognitive and Mental Health Limitations is **GRANTED**, insofar as the Court honored each accommodation Plaintiff requested at the Omnibus Hearing.

**SO ORDERED AND ADJUDGED**, this 24th day of April, 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE